19SL-CC00832

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**ST. LOUIS COUNTY**

**ASSOCIATED MANAGEMENT SERVICES, INC.,**

**Plaintiff,**

**v.**

**MEDICAL WASTE SERVICES, LLC d/b/a MEDICAL WASTE SERVICES,**

**Serve:**
**Jeff City Filing, Inc.**
**Registered Agent**
**222 E. Dunklin, Suite 102**
**Jefferson City, MO 65101**

**and**

**LARRY D. CASEY,**

**Serve:**
**1360 N. 4395**
**Pryor, OK 74361-2119**

**Defendants.**

**JURY TRIAL DEMANDED**

**CLASS ACTION JUNK-FAX PETITION**

Plaintiff Associated Management Services, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant Medical Waste Services, LLC d/b/a Medical Waste Services and Defendant Larry D. Casey under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

## COUNT I—TCPA

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Associated Management Services, Inc., is a Missouri corporation.

2. Defendant Medical Waste Services, LLC, is a Tennessee limited liability company that was issued a Certificate of Registration Foreign Limited Liability Company by the Missouri Secretary of State.

3. Missouri Revised Statutes § 417.200 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

4. Missouri Revised Statutes § 417.230 states, "Any person who shall engage in or transact any business in this state under a fictitious name, as in sections 417.200 to 417.230 defined, without registering such name as herein required, shall be deemed guilty of a misdemeanor."

5. Medical Waste Services, LLC, has not registered "Medical Waste Services" as a fictitious name with the Missouri Secretary of State.

6. Defendant Larry D. Casey is an individual who resides in Oklahoma.

7. According to Mr. Casey's LinkedIn profile, a portion of which is

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

pasted below, Mr. Casey works in sales at Medical Waste Services, LLC:




8. This Court has personal jurisdiction over Defendants, because Defendants sent illegal faxes into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

9. Venue is proper under Missouri Revised Statutes § 508.010.4, because Plaintiff was first injured in St. Louis County.

**THE FAX**

10. On or about February 11, 2019, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 432-0223 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

11. A portion of the Fax, which specifically mentions the state of Missouri, is pasted below:




**BIO-HAZARD WASTE DISPOSAL**

**Medical Waste Services** is proud to transport and treat bio-hazard waste in the great states of Arkansas, Oklahoma, Missouri, Kansas, Tennessee, and Mississippi. Our business is transporting medical waste from the cradle to the grave while staying 100% compliant. Medical Waste Services has set the bio-hazard waste industry standard and is one of the few companies to transport and treat healthcare waste in-house without passing it off to another company raising liability to the customer. Medical Waste Services offers custom programs like our secured document shredding (ECO-SHRED) and OSHA Compliance. You do have another option when it comes to bio-hazard waste disposal, so break the 'Cycle' and see what Medical Waste Services can do for your facility today!

**CONTACT LARRY CASEY FOR A QUOTE TODAY!**

larry@medicalwasteservices.org




12. Plaintiff received the Fax through Plaintiff's facsimile machine.

13. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

14. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

15. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled,

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

(b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

16. Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

17. Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

18. The Fax to Plaintiff and the similar facsimile advertisements sent by Defendants lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

19. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D) The notice includes—

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

20. The Fax and Defendants' similar facsimile advertisements lacked a notice one stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

21. The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

22. The Fax lacked any opt-out notice.

23. Defendants, on information and belief, faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout other states where Medical Waste Services, LLC, transacts business, without first obtaining the recipients' prior express invitation or permission.

24. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

25. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice on their first page.

26. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

27. The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "TCPA Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) did not display a clear and conspicuous opt-out notice on the first page with a telephone number for sending the opt-out request, or (c) did not display a clear and conspicuous opt-out notice on the first page with a facsimile number for sending the opt-out request.

29. Excluded from the TCPA Class are Defendants, their employees, agents, and members of the judiciary.

30. This case is appropriate as a class action because:

a. Numerosity. On information and belief, the TCPA Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. Commonality. Questions of fact or law common to the TCPA Class predominate over questions affecting only individual TCPA Class members, e.g.:

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

i. Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v. Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi. Whether Defendants violated 47 U.S.C. § 227;

vii. Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii. Whether Defendants violated 47 C.F.R. § 64.1200;

ix. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed on page one the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x. Whether the Court should award statutory damages per TCPA violation per fax;

xi. Whether the Court should award treble damages per TCPA violation per fax; and

xii. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. <u>Typicality.</u> Plaintiff's claim is typical of the other TCPA Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the TCPA Class, and Plaintiff is making the same claim and seeking the same relief for itself and all TCPA Class members based on the same statute and regulation.

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

d. Adequacy. Plaintiff will fairly and adequately protect the interests of the other TCPA Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the TCPA Class members.

e. Superiority. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual TCPA Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

31. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

32. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

33. The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

34. The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

35. Defendants' actions caused concrete and particularized harm to Plaintiff and the TCPA Class, as

a. receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b. Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c. Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d. Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

36. Defendants intended to cause damage to Plaintiff and the TCPA Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

37. Defendants knew or should have known that (a) Plaintiff and the other TCPA Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other TCPA Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

38. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other TCPA Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, in Count I, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as TCPA Class representative;

b. appoint the undersigned counsel as TCPA Class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

g. award Plaintiff an incentive award based upon its time expended on behalf of the TCPA Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

**COUNT II-CONVERSION**

39. Plaintiff incorporates Paragraphs 1-18, 22-23, and 25-27, as if restated in their entirety.

40. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Conversion Class":

> All persons in the United States who, on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

41. Excluded from the Conversion Class are Defendants, their employees, their agents, and members of the judiciary.

42. This case is appropriate as a class action because:

a. Numerosity. On information and belief, the Conversion Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. Commonality. Questions of fact or law common to the Conversion Class predominate over questions affecting only individual Conversion Class members, e.g.:

i. Whether Defendants engaged in a pattern of sending unsolicited faxes;

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

ii. Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

iii. The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit 1 and other unsolicited faxes;

iv. Whether Defendants committed the tort of conversion; and

v. Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c. Typicality. Plaintiff's claim is typical of the other Conversion Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Conversion Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Conversion Class members.

d. Adequacy. Plaintiff will fairly and adequately protect the interests of the other Conversion Class members. Plaintiff's counsel is experienced in class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Conversion Class members.

e. Superiority. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Conversion Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

43. By sending Plaintiff and the Conversion Class unsolicited faxes, Defendants improperly and unlawfully converted the recipients' fax machines, toner, paper, and employee and officer time to Defendants' own use.

44. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other members of the Conversion Class owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee and officer time.

45. By sending the unsolicited faxes, Defendants permanently misappropriated the Conversion Class members' fax machines, toner, paper, and employee or officer time to Defendants' own use; such misappropriation was wrongful and without authorization.

46. Defendants knew or should have known that its misappropriation of paper, toner, and employee or officer time was wrongful and without authorization.

47. Plaintiff and the other Conversion Class members were deprived of the use of their fax machines, paper, toner, and employee or officer time, which could no longer be used for any other purpose.

48. Each of Defendants' unsolicited faxes essentially stole Plaintiff's employees' or officer's time spent in receiving, routing, and reviewing Defendants' unlawful faxes.

49. Defendants knew or should have known that the time of employees and officers is valuable.

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

50. Defendants' actions caused concrete and particularized harm to Plaintiff and the Conversion Class, as receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes; Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines; Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

WHEREFORE, in Count II, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as class representative;
b. appoint the undersigned counsel as class counsel;
c. award appropriate damages;
d. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;
e. award Plaintiff an incentive award based upon its time expended on behalf of the Conversion Class and other relevant factors;
f. award Plaintiff costs; and
g. grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

February 25, 2019

SCHULTZ & ASSOCIATES LLP

By: ______________________

Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff Associated Management Services, Inc.*

Electronically Filed - St Louis County - February 25, 2019 - 04:45 PM




# BIO-HAZARD WASTE DISPOSAL

**Medical Waste Services** is proud to transport and treat bio-hazard waste in the great states of Arkansas, Oklahoma, Missouri, Kansas, Tennessee, and Mississippi. Our business is transporting medical waste from the cradle to the grave while staying 100% compliant. Medical Waste Services has set the bio-hazard waste industry standard and is one of the few companies to transport and treat healthcare waste in-house without passing it off to another company raising liability to the customer. Medical Waste Services offers custom programs like our secured document shredding (ECO-SHRED) and OSHA Compliance. You do have another option when it comes to bio-hazard waste disposal, so break the 'Cycle' and see what Medical Waste Services can do for your facility today!

**CONTACT LARRY CASEY FOR A QUOTE TODAY!**

**larry@medicalwasteservices.org**

**Local Service**

**No Extra or Hidden Fees**

**Cradle-To-Grave Service**

**Affordable Pricing**

**Eco-Shred Secure Document Destruction**

**24/7 Customer Portal Access**

**Locked-In Pricing**



STOP OVERPAYING FOR YOUR RED BAG WASTE!



To receive a quote for services, please call Larry **918-864-5298**




**Make sure to ask about our Bio / Shred Special**

- Monthly Service (every four weeks)
- 2 Containers of Regulated Medical Waste
- 1 Eco-Shred document console

**One Pick-up - One Invoice - Great Price**



Ex. 1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>LORNE J. BAKER | Case Number: 19SL-CC00832 |
| Plaintiff/Petitioner:<br>ASSOCIATED MANAGEMENT SERVICES, INC.<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>MEDICAL WASTE SERVICES, LLC<br>DBA: MEDICAL WASTE SERICES | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

RECEIVED MAR 11 2019 COLE COUNTY SHERIFF'S OFFICE

FILED MAR 22 2019 (Date File Stamp) JOAN M. GILMER CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

**The State of Missouri to: MEDICAL WASTE SERVICES, LLC**
**Alias:**

**JEFF CITY FILING, INC.**
**222 E. DUNKLIN, SUITE 102**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

**05-MAR-2019**
**Date**

[signature]
**Clerk**

**Further Information:**
**LG**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Laura Souden (name) Designee (title).

☐ other ______

Served at 222 East Dunklin St. (address)

in Cole (County/~~City of St. Louis~~), MO, on 3-13-19 (date) at 1:15 PM (time).

Sheriff John P. Wheeler by
Printed Name of Sheriff or Server

Dep. [signature] 81
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on ______ (date).

*(Seal)*

My commission expires: ______
Date

______
Notary Public

