IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ASSOCIATED MANAGEMENT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00912 RWS |
| | ) | |
| MEDICAL WASTE SERVICES LLC d/b/a MEDICAL WASTE SERVICES, and LARRY D. CASEY, | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## JOINT ANSWER

COME NOW, Defendants, Medical Waste Services, LLC and Larry D. Casey, and for their

Joint Answer to Plaintiff's Petition states:

## COUNT I—TCPA

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Associated Management Services, Inc., is a Missouri corporation.

**ANSWER:   Defendants lack sufficient information and knowledge to admit or deny this allegation and, therefore deny same.**

2.  Defendant Medical Waste Services, LLC, is a Tennessee limited liability company

that was issued a Certificate of Registration Foreign Limited Liability Company by the Missouri

Secretary of State.

**ANSWER:   Defendants admit Medical Waste Services, LLC is a limited liability company that is properly registered to do business in Missouri. Defendants deny the remainder of the allegations set forth in Paragraph 2.**

3.  Missouri Revised Statutes § 417.200 states "[t]hat every name under which any

person shall do or transact any business in this state, other than the true name of such person, is

1

hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

> **ANSWER:    Defendants state it appears Plaintiff has accurately quoted the statute referenced in Paragraph 3.  Defendants deny any insinuation that they violated or failed to comply with said statute in any manner.**

4.      Missouri Revised Statutes § 417.230 states, "Any person who shall engage in or transact any business in this state under a fictitious name, as in sections 417.200 to 417.230 defined, without registering such name as herein required, shall be deemed guilty of a misdemeanor."

> **ANSWER:    Defendants state it appears Plaintiff has accurately quoted the statute referenced in Paragraph 4.  Defendants deny any insinuation that they violated or failed to comply with said statute in any manner.**

5.      Medical Waste Services, LLC, has not registered "Medical Waste Services" as a fictitious name with the Missouri Secretary of State.

> **ANSWER:    Deny.**

6.      Defendant Larry D. Casey is an individual who resides in Oklahoma.

> **ANSWER:    Admit.**

7.      According to Mr. Casey's LinkedIn profile, a portion of which is pasted below, Mr. Casey works in sales at Medical Waste Services, LLC:



Water treatment, lab QC, haz waste treatment sales, sludge dewatering, plastic recycle, med waste treatment, sales

> **ANSWER:    Defendants admit Defendant Casey works in sales for Medical Waste Services, LLC.**

8.      This Court has personal jurisdiction over Defendants, because Defendants sent illegal faxes into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

> **ANSWER:    Defendants state the allegations contained in Paragraph 8 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

9.      Venue is proper under Missouri Revised Statutes § 508.010.4, because Plaintiff was first injured in St. Louis County.

> **ANSWER:    Defendants state the allegations contained in Paragraph 8 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

**THE FAX**

10.     On or about February 11, 2019, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 432-0223 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

> **ANSWER:     Defendants states that Exhibit 1 speaks for itself and is the best evidence of its contents, and denies all allegations contained in Paragraph 10 that are inconsistent with Exhibit 1.  Defendants lack sufficient information and knowledge to admit or deny the remainder of the allegations contained in Paragraph 10 and, therefore deny the same.**

11.     A portion of the Fax, which specifically mentions the state of Missouri, is pasted below:





**BIO-HAZARD WASTE DISPOSAL**

Medical Waste Services is proud to transport and treat bio-hazard waste in the great states of Arkansas, Oklahoma, Missouri, Kansas, Tennessee, and Mississippi. Our business is transporting medical waste from the cradle to the grave while staying 100% compliant. Medical Waste Services has set the bio-hazard waste industry standard and is one of the few companies to transport and treat healthcare waste in-house without passing it off to another company raising liability to the customer. Medical Waste Services offers custom programs like our secured document shredding (ECO-SHRED) and OSHA Compliance. You do have another option when it comes to bio-hazard waste disposal, so break the 'Cycle' and see what Medical Waste Services can do for your facility today!

CONTACT **LARRY CASEY** FOR A QUOTE TODAY!

larry@medicalwasteservices.org

- Local Service
- No Extra or Hidden Fees
- Cradle-To-Grave Service
- Affordable Pricing
- Eco-Shred Secure Document Destruction
- 24/7 Customer Portal Access
- Locked-In Pricing

> **ANSWER:     Defendants states that Exhibit 1 speaks for itself and is the best evidence of its contents, and denies all allegations contained in Paragraph 10 that are inconsistent with Exhibit 1.  Defendants lack sufficient information and knowledge to admit or deny the remainder**

**of the allegations contained in Paragraph 11 and, therefore deny the same.**

12.     Plaintiff received the Fax through Plaintiff's facsimile machine.

**ANSWER:     Defendants lack sufficient information and knowledge to admit or deny the allegations contained in Paragraph 12 and, therefore deny the same.**

13.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

**ANSWER:     Defendant admits only that Exhibit 1 contains information regarding services.   Defendant denies the remaining allegations contained in Paragraph 13.**

14.     On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

**ANSWER:     Defendants lack sufficient information and knowledge to admit or deny the allegations contained in Paragraph 14 and, therefore deny the same.**

15.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

**ANSWER:     Deny.**

16.     Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

**ANSWER:     Deny.**

17.    Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

**ANSWER:    Deny.**

18.    The Fax to Plaintiff and the similar facsimile advertisements sent by Defendants lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

**ANSWER:    Deny.**

19.    Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(a)    The notice is clear and conspicuous and on the first page of the advertisement;

(b)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(c)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(d)    The notice includes—

(1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)    If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

6

    (e)    The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 19 and all sub-paragraphs thereto fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

20.    The Fax and Defendants' similar facsimile advertisements lacked a notice one stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 20 and all sub-paragraphs thereto fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

21.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

**ANSWER:**    **Defendants state the allegations contained in Paragraph 21 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

22.    The Fax lacked any opt-out notice.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 22 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

23.    Defendants, on information and belief, faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout other states

where Medical Waste Services, LLC, transacts business, without first obtaining the recipients'

prior express invitation or permission.

> **ANSWER:** **Deny.**

24. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class

members without obtaining their prior express invitation or permission and by not displaying the

proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

> **ANSWER:** **Defendants state the allegations contained in Paragraph 24 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

25. Defendants knew or should have known that (a) facsimile advertisements,

including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given

their express invitation or permission to receive facsimile advertisements, (c) no established

business relationship existed with Plaintiff and the other Class members, and (d) Defendants'

facsimile advertisements did not display a proper opt-out notice on their first page.

> **ANSWER:** **Deny.**

26. Pleading in the alternative to the allegations that Defendants knowingly violated

the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile

advertisements, including the Fax, to any person where such transmission was not authorized by

law or by the recipient, and to the extent that any transmissions of facsimile advertisement was

sent to any person and such transmission was not authorized by law or by the recipient, such

transmission was made based on Defendants' own understanding of the law or on the

representations of others on which Defendants reasonably relied.

**ANSWER:     Defendants admit they did not intend to send any facsimiles in violation of any law.  Defendants deny the remainder of the allegations contained in Paragraph 26.**

27.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

**ANSWER:     Deny.**

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "TCPA Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) did not display a clear and conspicuous opt-out notice on the first page with a telephone number for sending the opt-out request, or (c) did not display a clear and conspicuous opt-out notice on the first page with a facsimile number for sending the opt-out request.

**ANSWER:     Defendants state the allegations contained in Paragraph 28 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

29.    Excluded from the TCPA Class are Defendants, their employees, agents, and members of the judiciary.

> **ANSWER:    Defendants state the allegations contained in Paragraph 29 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

30.    This case is appropriate as a class action because:

a.    <u>Numerosity.</u> On information and belief, the TCPA Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.    <u>Commonality.</u> Questions of fact or law common to the TCPA Class predominate over questions affecting only individual TCPA Class members, e.g.:

    i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.    Whether Defendants violated 47 U.S.C. § 227;

    vii.    Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

    viii.    Whether Defendants violated 47 C.F.R. § 64.1200;

    ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed on page one the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x.    Whether the Court should award statutory damages per TCPA violation per fax;

    xi.    Whether the Court should award treble damages per TCPA violation per fax; and

    xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

      c.     <u>Typicality.</u> Plaintiff's claim is typical of the other TCPA Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the TCPA Class, and Plaintiff is making the same claim and seeking the same relief for itself and all TCPA Class members based on the same statute and regulation.

      d.     <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other TCPA Class members. Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the TCPA Class members.

      e.     <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual TCPA Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 30 and all sub-paragraphs thereto fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

31.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

**ANSWER:**    **Defendants state the allegations contained in Paragraph 31 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

32.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**    **Defendants state the allegations contained in Paragraph 32 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

33.     The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

> **ANSWER:     Defendants state the allegations contained in Paragraph 33 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

34.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

> **ANSWER:     Defendants state the allegations contained in Paragraph 34 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

35.     Defendants' actions caused concrete and particularized harm to Plaintiff and the TCPA Class, as

> a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;
> b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;
> c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and
> d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

     **ANSWER:**   **Defendants state the allegations contained in Paragraph 35 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

36.     Defendants intended to cause damage to Plaintiff and the TCPA Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

     **ANSWER:**   **Defendants state the allegations contained in Paragraph 36 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

37.     Defendants knew or should have known that (a) Plaintiff and the other TCPA Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other TCPA Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

     **ANSWER:**   **Defendants state the allegations contained in Paragraph 37 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

38.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other TCPA Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

**ANSWER:    Defendants state the allegations contained in Paragraph 38 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

## COUNT II-CONVERSION

39.    Plaintiff incorporates Paragraphs 1-18, 22-23, and 25-27, as if restated in their entirety.

**ANSWER:    Defendants incorporate by reference their responses to Paragraphs 1-18, 22-23 and 25-27 as if more fully set forth herein.**

40.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Conversion Class":

All persons in the United States who, on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

**ANSWER:    Defendants state the allegations contained in Paragraph 40 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

41.    Excluded from the Conversion Class are Defendants, their employees, their agents, and members of the judiciary.

**ANSWER:    Defendants state the allegations contained in Paragraph 41 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

42.    This case is appropriate as a class action because:

a.    Numerosity. On information and belief, the Conversion Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.  <u>Commonality.</u> Questions of fact or law common to the Conversion Class predominate over questions affecting only individual Conversion Class members, e.g.:

    i.  Whether Defendants engaged in a pattern of sending unsolicited faxes;

    ii.  Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

    iii.  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit 1 and other unsolicited faxes;

    iv.  Whether Defendants committed the tort of conversion; and

    v.  Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.  <u>Typicality.</u> Plaintiff's claim is typical of the other Conversion Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Conversion Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Conversion Class members.

d.  <u>Adequacy.</u> Plaintiff will fairly and adequately protect the interests of the other Conversion Class members. Plaintiff's counsel is experienced in class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases. Neither Plaintiff nor its counsel has interests adverse or in conflict with the Conversion Class members.

e.  <u>Superiority.</u> A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Conversion Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 42 and all sub-paragraphs thereto fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Defendants deny each and every allegation contained therein.**

43.  By sending Plaintiff and the Conversion Class unsolicited faxes, Defendants improperly and unlawfully converted the recipients' fax machines, toner, paper, and employee and officer time to Defendants' own use.

**ANSWER:**    **Defendants state the allegations contained in Paragraph 43 fail to comply with Federal Rules of Civil Procedure in that they constitute a legal conclusion to which no response is necessary.  To the extent a**

**response is deemed necessary, Defendants deny each and every allegation contained therein.**

44. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other members of the Conversion Class owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee and officer time.

**ANSWER:    Defendant lacks sufficient information and knowledge to admit or deny the allegations contained in Paragraph 44 and, therefore, deny same.**

45. By sending the unsolicited faxes, Defendants permanently misappropriated the Conversion Class members' fax machines, toner, paper, and employee or officer time to Defendants' own use; such misappropriation was wrongful and without authorization.

**ANSWER:    Deny.**

46. Defendants knew or should have known that its misappropriation of paper, toner, and employee or officer time was wrongful and without authorization.

**ANSWER:    Deny.**

47. Plaintiff and the other Conversion Class members were deprived of the use of their fax machines, paper, toner, and employee or officer time, which could no longer be used for any other purpose.

**ANSWER:    Deny.**

48. Each of Defendants' unsolicited faxes essentially stole Plaintiff's employees' or officer's time spent in receiving, routing, and reviewing Defendants' unlawful faxes.

**ANSWER:    Deny.**

49. Defendants knew or should have known that the time of employees and officers is valuable.

**ANSWER:    Deny.**

50.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Conversion Class, as receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes; Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines; Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

**ANSWER:    Deny.**

<u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

**ANSWER:     Defendant admits only that Plaintiff has made a demand that Defendant preserve documents related to the allegations contained in the Complaint.  Defendants intends to comply with its obligations under the Federal Rules of Civil Procedure and applicable law. However, to the extent a response is deemed necessary to Plaintiff's "Documentation Preservation Demand," Defendant denies that Plaintiff has accurately stated Defendant's obligations, and further denies any allegations set forth in the Complaint's "Documentation Preservation Demand."**

**<u>AFFIRMATIVE DEFENSES</u>**

COMES NOW Defendants, and for their Affirmative Defenses, state as follows:

1.     Plaintiff's Complaint fails to state a claim for relief.

2.     Plaintiff is unable to maintain a private right of action for violation of Missouri business registration statutes.

3.  Defendants are not subject to jurisdiction in Missouri and were not conducting business in Missouri.

4.  Plaintiff's claims are barred by the doctrine of consent.

5.  Plaintiff's claims are barred by laches or applicable statute of limitations.

6.  Plaintiff's claims are barred by waiver.

7.  Plaintiff's claims are barred by estoppel.

8.  Plaintiff's claims are barred because the actions or inactions complained of are attributed to a third party over whom Defendants exercised no control and for whom Defendants have no responsibility.

9.  Plaintiff cannot adequately represent the class or subclass proposed by Plaintiff.

10.  Plaintiff cannot establish the requirements for a class to be certified.

11.  Plaintiff has failed to properly define a proper class.

12.  Plaintiff's alleged class claims are barred as a matter of law and fail to state a plausible claim upon which relief can be granted.

13.  Plaintiff's claims are barred because Defendants acted in good faith according to applicable law.

14.  Plaintiff fails to state a proper cause of action because its damages are de minimis.

15.  Defendant reserves the right to assert additional affirmative defenses at the conclusion of discovery.

16.  Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the faxes it complains about are not advertisements, but rather are non-advertising transactional, informational, or other communications exempt from the TCPA.

17.     Upon information and belief, the claims of Plaintiff and putative class members are barred because the faxes at issue were not unsolicited and because Plaintiff and the putative class members expressly or implicitly gave permission or consent to the transmission of such faxes.

18.     Plaintiff and the putative class members suffered no injury and do not have standing to assert claims under the TCPA against Defendant.  *See Spokeo, Inc. v. Robins*, S.Ct. 1540 (2016).

19.     Plaintiff and the putative class members' alleged claims are barred by the TCPA because Plaintiff and the putative class members had an established business relationship with Defendant at or before the time when the alleged faxes were transmitted.

20.     Upon information, some of the putative class members have ratified and acquiesced in the conduct alleged in the Complaint, including by contracting for the services at issue.

21.     Plaintiff and the putative class members' claims are barred by the First Amendment of the United States Constitution.

22.     Plaintiff and the putative class members' claims are barred by the Due Process Clause of the Fifth Amendment and Eighth Amendment to the United States Constitution, *inter alia*, because the statutory damages provided by the TCPA are excessive and disproportionate to the de minimis actual damages allegedly sustained by Plaintiff and/or the putative class members as a result of the alleged fax advertisements.

23.     Plaintiff and the putative class members' claims are barred under the Equal Protection Clause of the United States Constitution because the TCPA prohibits facsimile of certain material advertising the commercial availability of property, goods, or services while permitting certain facsimile advertising of different material that imposes the same alleged burden upon the recipients of said facsimiles.

24.     Plaintiff may not maintain this case as a class action because Congress intended that TCPA claims proceed solely as an individual action.

25.     This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, *inter alia*, for the following and other reasons:

a.      The claims of Plaintiff and the putative class members may not be maintained as a class action because trying the claims through a class action would violate Defendant's due process and other constitutional rights by (1) allowing for the recovery of damages by class members who do not have valid claims; (2) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (3) depriving Defendants of their right to defend itself with respect to individual claims.

b.      The claims of Plaintiff and the putative class members may not be maintained as a class action because the questions of law or fact at issues are not common to the alleged class, but are individually specific and will vary dramatically from person to person.

c.      The claims of Plaintiff and the putative class members may not be maintained as a class action because the class is not so numerous that joinder of all members is impracticable.

d.      The claims of Plaintiff and the putative class members may not be maintained a a class action because the claims of the representative party are not typical of the claims of the class.

e.      The claims of Plaintiff and the putative class members may not be maintained as a class action because the representatives will not adequately protect the interests of the class.

f.      The claims of Plaintiff and the putative class members may not be maintained as a class action because any common questions of law or fact do not predominate over any questions affecting individual members of the purported class.

g.      The claims of Plaintiff and the putative class members may not be maintained as a class action because a class action is not superior to other methods of adjudication.

h.      The claims of Plaintiff and the putative class members may not be maintained as a class action because the prosecution of separate actions by individual members of the class would not create a risk of inconsistent or varying adjudications with respect individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication.

i.      The claims of Plaintiff and the putative class members may not be maintained as a class action because Defendants have not acted or refused to act on grounds generally applicable to the class.

j.      The claims of Plaintiff and the putative class members are not appropriate for class treatment in that an aggregate award of statutory damages is

grossly disproportionate to the actual harm suffered (Defendants deny there

was any) as a result of any technical violation of the TCPA.

26.     Plaintiff and the putative class members may not maintain a TCPA claim based on

any fax received by a recipient electronically and not through a telephone facsimile machine.

27.     With respect to Plaintiff's and the putative class members' claims for damages,

Defendants incorporate all limitations on damage awards arising from the decisions in *BMW of*

*North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*,

538 U.S. 408 (2003).

28.     Upon information and belief, and subject to further discovery, the claims of

Plaintiff and the putative class members are barred by the doctrine of unclean hands.

29.     The claims of Plaintiff and the putative class members are barred because any

payment to Plaintiff and/or the putative class members, under the circumstances, would constitute

unjust enrichment.

30.     Any claim alleged in the Complaint is barred because Plaintiff and the putative

class members failed to mitigate their alleged damages, if any.

31.     The claims of Plaintiff and the putative class members are barred to the extent that

any of the faxes at issue were sent to a fax number shared by, assumed by, or otherwise associated

with a person or business who had consented to receive any faxes from Defendants, or who had

an established business relationship with Defendants.

32.     Defendants hereby give notice that in the event that this Court certifies a class,

which Defendants deny would be appropriate, it reserves the right to adopt and incorporate by

reference each and every applicable defense pleaded to all members of such class.  Further,

Defendant hereby gives notice that it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

WHEREFORE, Defendants pray the claims asserted by Plaintiff and any other claims be denied and dismissed with costs and for any other relief which is just and proper under the circumstances.

HEPLERBROOM LLC

By:____/s/Matthew H. Noce_____
MATTHEW H. NOCE                    #57883
mhn@heplerbroom.com
ALEXANDRA S. HAAR              #63846
ash@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this 10th day of July 2019 via the ECF/CM system with the Clerk of the Court and copies will be served electronically on the following:

Mr. Ronald Eisenberg
Schultz & Associates LLP
640 Cepi Drive
Suite A
Chesterfield, MO 63005
reisenberg@sl-lawyers.com
Attorney for Plaintiff

_____/s/Matthew H. Noce_____